UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br>v.<br>ALFONSO LEE WOMACK,<br><br>         Defendant. | Case No. 2:20-cr-00338-ART-VCF-1<br><br>ORDER DENYING MOTION FOR SENTENCE REDUCTION AND MOTION TO CORRECT SENTENCE |

   Before the Court are Defendant Alfonso Lee Womack's motion to correct calculation of his sentence (ECF No. 74) and his motion for appointment of counsel (ECF No. 78), which the Court interprets as a motion for sentence reduction under Amendment 821 to the United States Sentencing Guidelines. For the reasons identified below, the Court denies both motions.

## I. BACKGROUND

   In August 2022, Mr. Womack pleaded guilty to Counts One and Two of his Indictment for, respectively, Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and Illegal Possession of a Machine Gun in violation of 18 U.S.C. § 922(o). (ECF Nos. 1, 61.) In November 2022, the Court sentenced Mr. Womack to 57 months' imprisonment followed by a term of three years' supervised release. (ECF Nos. 69, 70.) Mr. Womack now petitions the Court for a sentence reduction under Amendment 821 to the United States Sentencing Guidelines and a correction of his sentence calculation under 28 U.S.C. § 2255. He is currently being held at USP Victorville, in California. (ECF No. 74 at 1.)

   Under General Order 2023-09, the Court appointed the Federal Public Defender's Office to determine whether Mr. Womack qualified for relief under Amendment 821. (ECF No. 79.) The FPD's office filed a Notice of Non-Eligibility, explaining that, upon review of Mr. Womack's "*pro se* filing" and "additional

relevant documents," he "does not qualify for a sentence reduction." (ECF No. 81.) The Court also invited the FPD's office to supplement Mr. Womack's § 2255 brief, if it felt a supplement was appropriate. (ECF No. 79.) It did not file a supplement.

## II.   DISCUSSION

### A. Amendment 821

In his 821 motion, Mr. Womack requests retroactive application of Amendment 821 to the United State Sentencing Guidelines. (ECF No. 78.) After careful review, the Court finds that Mr. Womack is not eligible for a sentence reduction under Amendment 821.

"As a general matter, courts may not alter a term of imprisonment once it has been imposed." *United States v. Hicks*, 472 F.3d 1167, 1169 (9th Cir. 2007); *see also* 18 U.S.C. § 3582(b). An exception to this general rule is set forth in 18 U.S.C. § 3582(c)(2), which allows a court to modify a defendant's final sentence pursuant to a retroactive amendment to the United States Sentencing Guidelines. To determine whether the defendant's sentence should be modified under § 3582(c)(2), a court must determine (1) if a retroactive amendment to the Sentencing Guidelines in fact lowered the guideline range applied to the defendant and (2) whether a reduction is consistent with any applicable policy statements issued by the United States Sentencing Commission. *Dillon v. United States*, 560 U.S. 817, 826 (2010). If a retroactive amendment does in fact lower a defendant's guideline range consistent with applicable policy statements, the court must consider the factors set forth in 18 U.S.C. § 3553(a) to determine if it should exercise its discretion to reduce that defendant's sentence. 18 U.S.C. § 3582(c)(2).

Amendment 821 took effect on November 1, 2023, and applies retroactively. *See* Sentencing Guidelines for the United States Courts, 88 Fed. Reg. 60534 (Sept. 1, 2023); Amendment 821, U.S. Sent'g Comm'n, https://www.ussc.gov/guidelines/amendment/821 (last visited Feb. 16, 2024).

Amendment 821 is bifurcated into parts A and B. *Id.* If neither Part A nor Part B apply to Mr. Womack's sentence, he is not eligible for sentence reduction under Amendment 821.

Part A of Amendment 821 limits the criminal history impact of "status points" under U.S.S.G. § 4A1.1. Under the pre-amendment § 4A1.1, a defendant who committed their offense "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status," received two additional criminal history points. Amendment 821 amends § 4A1.1 to: (1) eliminate such status points for any defendant who otherwise has six or fewer criminal history points; and (2) apply one point, instead of two, for defendants who otherwise present seven or more criminal history points.

Mr. Womack is not eligible for a sentence reduction under Part A because the application of Amendment 821 does not lower his guideline range. Mr. Womack had a Criminal History Score of 19 at the time of sentencing, placing him in a Criminal History Category of VI. (PSR ¶ 40). Assuming Amendment 821 applies, Mr. Womack would fall into category (2), above, meaning he would be eligible to have one criminal history point removed because he had more than six criminal history points from prior convictions. *See United States v. Mariscal-Sanabia*, No. 2:19-cr-00251, 2024 WL 841094, at \*2 (D. Nev. Feb. 27, 2024). With 18 criminal history points instead of 19, Mr. Womack's Criminal History Category would remain Category VI. *See* U.S.S.G. ch. 5, part A.

Under U.S.S.G. § 1B1.10, Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement), a court is not authorized to reduce a defendant's term of incarceration if the amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). Because the recalculation of Defendant's Criminal History Score does not affect his Criminal History Category and his guideline sentence, the

Court is not authorized to reduce his term of incarceration. *Mariscal-Sanabia*, 2024 WL 841094, at *2. So, a sentence reduction is not warranted under Part A.

Part B of Amendment 821 applies to certain zero-point offenders, i.e., defendants with no criminal history, when the offense underlying their conviction meets the Sentencing Guideline's criteria. U.S.S.G. § 4C1.1(a). Since Mr. Womack is not a zero-point offender, Part B of Amendment 821 does not lower the guideline range applied to him, and it does not apply to his sentence.

In sum, Mr. Womack is not eligible for a sentence reduction under Amendment 821 because neither Part A nor Part B apply to his sentence. Therefore, Mr. Womack's sentence is not eligible to be modified under 18 U.S.C. § 3582(c)(2), and his motion for modification under Amendment 821 is dismissed.

### B. Motion to Correct under § 2255

Mr. Womack also challenges the calculation of his sentence by prison officials at USP Victorville, where he is currently held. (ECF No. 74 at 1.) He argues he has already "served 38 months" of his sentence, but prison administrators have failed to count 22 of those months. (ECF No. 74 at 5.) He seeks relief under 28 U.S.C. § 2255.

Mr. Womack should have brought his claim under 28 U.S.C. § 2241, not 28 U.S.C. § 2255. *See Hill v. U.S.*, 927 F.2d 609, Case No. 90-55782, 1991 WL 30017, at *1 (9th Cir. 1991) ("A section 2255 petition tests the propriety of the sentence imposed, and not its execution. A claim [challenging the calculation of a sentence]. . . . should not be brought under § 2255, but under 28 U.S.C. § 2241 as a challenge to the lawfulness of . . . confinement.") (internal citations omitted).

Claims challenging improper jail time credit under 28 U.S.C. § 2241 can only be raised in the district in which the prisoner is incarcerated, here the Central District of California. 28 U.S.C. § 2241(a); *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("[F]or core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement.");

4

1 *Dunne v. Henman*, 875 F.2d 244, 249-50 (9th Cir. 1989) (Holding that, because
2 the plaintiff had challenged "the execution of his sentence by the Attorney
3 General of the United States" and not "the imposition of the federal sentences,"
4 he must "name the warden of the penitentiary where he is confined as respondent
5 and file his action in the district court whose territorial limits include his place
6 of confinement.")

7 Additionally, prisoners must exhaust their administrative remedies before
8 bringing claims under § 2241. *United States v. Wilson*, 503 U.S. 329, 335 (1992)
9 ("Federal regulations have afforded administrative review of the computation of
10 their credits . . . and prisoners have been able to seek judicial review of these
11 computations *after exhausting their administrative remedies*.") (emphasis added).
12 This means that Mr. Womack must go through whatever administrative process
13 USP Victorville has in place for challenging the calculation of his sentence, and
14 he must affirmatively plead that he has exhausted that process when he brings
15 his claim in federal court. Because Mr. Womack has not alleged that he exhausted
16 his administrative remedies, his motion fails on those grounds too.

17 The Court therefore denies Mr. Womack's motion to correct his sentence.
18 If Mr. Womack wishes to challenge USP Victorville's calculation of his sentence
19 in federal court, he must file that challenge in the proper jurisdiction, after
20 exhausting his administrative remedies.

21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

5

### III. CONCLUSION

It is hereby ordered that Defendant Alfonso Lee Womack's motion for sentence reduction under Amendment 821 (ECF No. 78) (styled as a motion for appointment of counsel), is denied.

It is further ordered that his motion to vacate, set aside, or correct sentence under 8 U.S.C. § 2255 (ECF No. 74) is denied.

The Clerk of Court is directed to complete and file a Form AO 247 in accordance with this order.

Dated this 20th day of June 2024.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE